```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 14, 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

CURTIS WILLIAMS,

                Movant,

     -against-

THE UNITED STATES,

                Respondent.

---------------------------------------------------------X

19-CV-11402 (KMW)

16-CR-00256 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      Movant Curtis Williams has written a letter to the Court, requesting that the Court appoint new counsel to replace his current counsel, Ezra Spilke, due to Mr. Spilke's allegedly inadequate attention to his case. (ECF No. 15.[1])

      On December 2, 2019, Movant filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, arguing that his conviction was invalid under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 1319 (2019). (ECF No. 1.) The Court appointed Mr. Spilke to assist Movant in amending his § 2255 petition. (ECF No. 7.) Mr. Spilke reviewed Movant's case and determined that no meritorious arguments could be added to Movant's petition. (ECF No. 11 at ¶¶ 30–40.) Mr. Spilke therefore declined to file an amended petition on Movant's behalf.[2] (*Id.*)

      In his letter, Movant argues that Mr. Spilke paid insufficient attention to Movant's

---

[1] All docket citations refer to Movant's civil docket unless otherwise specified.

[2] When Mr. Spilke failed to file an amended petition, Movant requested that the Court replace Mr. Spilke with new counsel. The Court denied Movant's request, finding that, by reviewing Movant's case and determining that no further arguments were available, "Mr. Spilke diligently discharged his duty to Movant." (ECF No. 13.) Thus, Movant's instant letter represents his second attempt to have Mr. Spilke replaced with new counsel.

attempt to explain that the discharge of a firearm with which Movant was charged was unrelated to the narcotics conspiracy with which Movant was charged.   Movant pled guilty to discharging a firearm during and in relation drug trafficking offense, and he has never challenged the validity of his guilty plea.   (Change of Plea Transcript, Criminal ECF No. 52 at 13 ("I possessed and discharged a firearm . . . during a drug crime.").)   Mr. Spilke's failure to advance Movant's preferred argument, and his alleged inattention to Movant's attempts to discuss it with him, do not justify appointing substitute counsel.   *See Greene v. Brown*, No. 06-CV-5532, 2007 WL 1589449, at *17 (S.D.N.Y. June 4, 2007) (Gorenstein, M.J.) ("[Defendant's] initial reason for requesting new counsel—that his attorney was paying insufficient attention to his case—by itself was insufficient cause for substitution of counsel.").

Therefore, Movant's request for substitution of counsel is DENIED.   The Clerk of Court is respectfully directed to mail a copy of this Order to Movant.

SO ORDERED.

Dated: New York, New York
July 14, 2020                              /s/ Kimba M. Wood
                                          KIMBA M. WOOD
                                          United States District Judge