```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 6, 2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

        v.

CURTIS WILLIAMS,

        Defendant.

--------------------------------------------------------X

16-CR-256 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Curtis Williams, proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot., ECF No. 88.) In his motion, Defendant asserts that there are "extraordinary and compelling reasons" warranting his release, namely that he is the sole caregiver for his minor child. (*Id.* at 4.) On May 15, 2025, the Court ordered Defendant to submit a supplemental brief providing details to support this ground for compassionate release, such as the identity of any individuals currently caring for Defendant's child and whether those individuals are incapacitated and no longer able to provide care. (Order, ECF No. 89.)

    On May 28, 2025, Defendant filed a supplemental letter stating that he has an eleven-year-old daughter. (ECF No. 90.) Defendant states that his daughter's mother "isn't capable of being a proper guardian." (*Id.* at 1.) Defendant's mother, who is "50 plus years old and isn't in her best physical health," is currently the "only caregiver" for Defendant's daughter and has been raising her for the past eight years. (*Id.*) Defendant further asserts that his mother "is getting old and doesn't have the same health abilities to chase [his daughter] around." (*Id.* at 2.)

Defendant states in his original motion, dated May 1, 2025, that he has fully exhausted all administrative remedies with the Bureau of Prisons, because he "submitted a request for compassionate release to the warden" and "[the warden] never responded" to that request. (Mot. at 2-3.) Although Defendant does not provide the date of his request, in the interest of judicial efficiency, the Court will assume, without deciding, that Defendant waited the required 30 days for a response from the warden before filing his motion. *See United States v. Haylock*, No. 19-CR-846, 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024) (Failla, J.) (assuming, without deciding, that defendant had exhausted his administrative remedies where defendant asserted he emailed his request to the warden, but BOP had no record of receiving the request). The motion is ripe for judgment.

Defendant has failed to establish an extraordinary and compelling circumstance based on family hardship, because Defendant has not demonstrated that he is the only available caregiver for his minor daughter. As Defendant states in his supplemental brief, Defendant's mother is currently caring for his daughter and has been doing so for the past eight years. Although the Court acknowledges that Defendant's mother, at age "50 plus," is getting older, this does not rise to the level of an extraordinary and compelling circumstance. *See, e.g.*, *United States v. Christopher*, No. 22-CR-61, 2024 WL 4707909, at *4 (S.D.N.Y. Nov. 7, 2024) (Cronan, J.) (denying compassionate release because defendant did not establish that he was his family member's only available caregiver).

Therefore, William's motion for compassionate release pursuant to § 3582(c)(1)(A) is denied, without prejudice to renew at a later date, if new facts warrant renewal. The Clerk of Court is respectfully directed to close the pending motion at ECF No. 88, and to mail this Order to Mr. Williams.

SO ORDERED.

Dated: New York, New York
       June 6, 2025

                                          */s/ Kimba M. Wood*
                                          KIMBA M. WOOD
                                    United States District Judge